United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Christopher Donnell Williams,<br>Petitioner | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. 22-14142-Scola |
| Sec'y, Fla. Dep't of Corr.,<br>Respondent. | ) | |

## Order

Before the Court is *pro se* Petitioner Christopher Donnell William's petition under 28 U.S.C. § 2254 (ECF No. 1). The petition alleges four grounds of ineffective assistance of counsel. (*See generally id.*). Respondent filed a response (ECF No. 7), with an index to appendix (ECF No. 8) including attached exhibits 1–43 (ECF No. 8-1) and a notice of filing transcripts (ECF No. 9) with the trial and sentencing transcripts attached (ECF No. 9-1). Williams thereafter filed a reply (ECF No. 14). The Court has carefully reviewed the parties' written submissions, the record, and applicable law. For the reasons explained below, the petition is denied.

### 1. Background

Following a series of controlled drug buys, the State charged Williams with six counts of sale or delivery of heroin (Counts 1-6), six counts of possession of heroin (Counts 7-12), six counts of unlawful use of a two-way communications device (Counts 13, 15-19), and one count of driving without a valid driver's license (Count 14). (*See* ECF No. 8-1 at 4–7). The State alleged the offenses occurred on six different dates. (*See id.*). All the offenses were tried before a single jury in one trial. The jury found Williams guilty on Counts 1, 2, 7, 8, 13, 14, and 15, and not guilty on the remaining counts. (*See id.* at 23–26).

Williams was sentenced to 180 months on Counts 1 and 2, 60 months on Counts 7, 8, 13, and 15, and 60 days on Count 14. (*See id.* at 29–43). All sentences were ordered to run concurrently. (*See id.*). Following his direct appeal

and litigation of multiple motions for postconviction relief, Williams docketed the instant petition on April 19, 2022.

### 2. Legal Standard

### Deference Under § 2254

A court's review of a state prisoner's federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Abdul–Kabir v. Quarterman*, 550 U.S. 233, 246 (2007). AEDPA "imposes a highly deferential standard for evaluating state-court rulings . . . , and demands that state-court decisions be given the benefit of the doubt[.]" *Renico v. Lett*, 559 U.S. 766, 773 (2010). "The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016). This standard is "difficult to meet." *White v. Woodall*, 572 U.S. 415, 419 (2014).

According to AEDPA, a federal court may not grant a habeas petitioner relief on any claim adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d 1039, 1053 (11th Cir. 2017) (citing 28 U.S.C. § 2254(d)).

A state court decision is "contrary to" established Supreme Court precedent when it (1) applies a rule that contradicts the governing law set forth by the Supreme Court; or (2) confronts a set of facts materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" of clearly established federal law is different from an incorrect application of federal law. *Id.* at 410. Consequently, "[a] state court's determination that a claim lacks merit precludes federal habeas

relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). If the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Even summary rejection of a claim, without explanation, qualifies as an adjudication on the merits, warranting deference. *See Meders v. Warden, Ga. Diagnostic Prison*, 911 F.3d 1335, 1351 (11th Cir. 2019). If the state court's merits determination is unaccompanied by an explanation, federal courts should "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192. Furthermore, a decision is still an adjudication on the merits when it "addresses some but not all of a defendant's claims." *Johnson v. Williams*, 568 U.S. 289, 298 (2013).

### Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). When assessing counsel's performance under *Strickland*, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow*, 571 U.S. 12, 20 (2013). "Where the highly deferential standards mandated by *Strickland* and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only 'whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.'" *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both (1) that counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687-88; *see also Harrington*, 562 U.S. at 104.

To establish deficient performance, the petitioner must show that, considering all circumstances, "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690). Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *See Strickland*, 466 U.S. at 690-91. The court's review of counsel's performance should focus on "not what is possible or 'what is prudent or appropriate, but only [on] what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Counsel is not ineffective for failing to raise non-meritorious issues, *see Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); nor is counsel required to present every non-frivolous argument, *see Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

Regarding the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *See id.* at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

### 3. Discussion
### a. Timeliness

Respondent asserts that the petition should be dismissed as untimely. (*See* ECF No. 7 at 13–17). In his reply, Williams correctly notes that Respondent fails to address the tolling effect of his Motion for Mitigation of Sentence under Fla. R. Crim. P. 3.800(c) ("Rule 3.800(c) Motion") that was filed on August 9, 2018

and denied by the postconviction court on November 20, 2020.[1] (*See* ECF No. 14 at 2–3). The Court agrees that Respondent's calculations are therefore incorrect as the Supreme Court has decided that a Rule 3.800(c) motion qualifies as one for collateral review, thus tolling the one-year statute of limitations on petitions for federal habeas relief. *See Wall v. Kholi*, 562 U.S. 545, 547–48 (2011) (abrogating *Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1292 (11th Cir. 2008).

Rather than redoing the cumbersome timeliness calculations, the Court will skip over this step as the petition is due to be denied on the merits. *See Loggins v.Thomas*, 654 F.3d 1204, 1215 (11th Cir. 2011) ("When relief is due to be denied even if claims are not procedurally barred, we can skip over the procedural bar issues, and we have done so in the past.").

**b. Exhaustion/Procedural Default**

Respondent asserts that Ground Three is unexhausted and concedes exhaustion on all other grounds. (*See* ECF No. 7 at 18–21). The Court will skip over the exhaustion/procedural default analysis and instead deny all grounds on the merits. *See Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020) ("[A] federal court may skip over the procedural default analysis if a claim would fail on the merits in any event."); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

**c. The Merits**

**Ground One**

Williams alleges his "[t]rial counsel was ineffective for failing to file a motion for severance of charges where charges were similar but happened on different dates." (ECF No. 1 at 7). He states that "[h]ad counsel enlightened him

---

[1] The Court takes judicial notice of the online state court docket available at: https://courtcasesearch.stlucieclerk.gov/BenchmarkWebExternal/CourtCase.aspx/Details/2339038?digest=k%2BvasbWof9Ue65dPjgELdw. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020) (holding that district court could take judicial notice of online state court dockets). The online docket confirms that Williams docketed his Rule 3.800(c) Motion on August 9, 2018, and the motion was not denied by the state court until November 20, 2020.

that he had [the] right to separate his six sales of delivery, there may have been a different outcome of the trial." (*Id.*). This claim was raised in William's amended postconviction motion. (*See* ECF No. 8-1 at 125, 145–46). The trial court denied the claim, adopting "the State's reasoning in finding no prejudice where [Williams] was acquitted on four drug sale dates." (*Id.* at 625). On appeal, the Fourth District Court of Appeal (hereinafter "Fourth District") agreed, finding in its substituted written opinion that:

> [T]he circuit court's factual findings, as adopted from the state's response discussing the jury's verdict as compared to the evidence, are supported by competent, substantial evidence in the record. We also agree with the circuit court's legal conclusion that even if the defendant's trial counsel fell below an objective standard of reasonableness by not moving to sever the offenses for separate trials before different juries, the defendant was not prejudiced. The jury convicted the defendant only for the drug-related offenses in which he was directly recorded participating in the transaction. The jury does not appear to have been influenced by the non-recorded alleged transactions, even where the confidential informant and detectives testified that he participated in those alleged transactions, because the jury acquitted him of those alleged offenses. Thus, the defendant has not shown a reasonable probability sufficient to undermine confidence in the outcome that, but for the failure to sever the offenses, the result of the proceeding would have been different.

*Williams v. State*, 311 So. 3d 30, 32–33 (Fla. Dist. Ct. App. 2020). Having carefully reviewed the record in full, the Court finds nothing unreasonable with the state court's rejection of this claim. Because the state court's decision was neither an unreasonable determination of the facts nor contrary to clearly established federal law, Williams is not entitled to relief. *See* 28 U.S.C. § 2254(d).

The Court further notes that William's assertion that severance *may* have led to a different outcome is too speculative and conclusory to warrant federal habeas relief. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim and do not warrant an evidentiary

hearing). Williams fails to show a reasonable probability that the outcome of the proceedings would have been different had his counsel moved to sever the charges. *See Strickland*, 466 U.S. at 694. As such, Ground One is denied under the prejudice prong of *Strickland*. *See id.* at 697.

### Ground Two

Williams alleges his "[t]rial counsel was ineffective for failing to object to improper testimony of [Detective] Stubley that bolstered the State's evidence" in violation of his 14th and 6th Amendment rights. (ECF No. 1 at 9). Williams refers to the detective's testimony that "from his experience defendants usually put cell phones in fake names, to avoid the police." (*Id.*). In his amended postconviction motion, Williams asserted that his counsel was ineffective for failing to object to such bolstering and that he was prejudiced by the testimony. (See ECF No. 8-1 at 124, 138–40). The trial court denied the claim, finding that he suffered "no prejudice where there is evidence that [Williams] used the cell phone number during the drug offenses." (*Id.* at 624). On appeal, the Fourth District affirmed the denial of the claim. (*See id.* at 1129).

The record amply supports the state court's rejection of this claim. At trial, Detective Stubley testified as follows:

> So I'm following Mr. Williams, he's driving the rental car. I can see him, I'm driving literally right next to him in an undercover car. My goal was to not only make some more observations on Mr. Williams, maybe identify another source and supply, but to really put that phone in his hand. And I did that by calling him when he was next to me, in the lane next to me. And as soon as I called the number I saw him look down, reach up, get his phone, look at it -- not clearly not recognize the number that was calling. He answered it on speaker phone, but he was kinda talking with a little bit of space between his actual -- between his face and the phone. He asked hello a couple times, who is this. At that point I could see it was the phone that I was intending to put in his hand, the one he had been using, and I hung up, I terminated the call at that point[.]

(ECF No. 9-1 at 284:23–25, 285:1–13). Moreover, as noted by Respondent, text messages arranging the drug sales used the same number, the confidential informant identified Williams in court and testified to purchasing heroin from him on August 12, 15, 16, 17, 18, and 19, and identified his voice offering to sell heroin on August 12. (*See* ECF No. 7 at 37). Given the weight of the evidence against him, Williams fails to show that the result of the proceeding would have been different had his counsel objected to the detective's testimony. *See Strickland*, 466 U.S. at 694. Thus, Ground Two is denied under the prejudice prong of Strickland. *See id.* at 697.

### Ground Three

Williams alleges his "[t]rial counsel was ineffective for failing to object and file a motion to suppress the audio visual recording of unknown suspect's voice." (ECF No. 1 at 11). He refers to a video recording of one of the drug sales. (*See id.* at 11–12). William's face was not visible on the video, but the confidential informant identified his voice and testified to him making the sale. (*See id.*). Williams asserts that "the voice that was heard by the jury in this case could be anybody's voice which is so prejudicial and harmful[.]" (*Id.* at 12).

William's argument, however, cuts the other way. His counsel's strategic decision to focus on the lack of evidence tying him to the video was reasonable. *See Strickland*, 466 U.S. at 690–91 ("Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable."). Moreover, the recording was properly authenticated as the confidential informant was a participant, listened to the recording, and confirmed that the recording memorialized what occurred during the sale. (*See* ECF No. 9-1 at 296:17–25, 297:1–12). As such, counsel was not ineffective for failing to make a meritless objection. *See Chandler*, 240 F.3d at 917. Williams thus fails to establish deficient performance.

Williams also cannot demonstrate how the outcome of his trial would have been different had counsel made the meritless objection or suppression motion. The trial court in denying this claim specifically found there was "no prejudice

where any objection would have been denied." (ECF No. 8-1 at 625); *see also Hayes v. Sec'y, Dep't of Corr.*, 2019 WL 6249274, at *2 (11th Cir. June 6, 2019) (concluding that the defendant could not make the requisite showing of deficient performance and prejudice for ineffective assistance of counsel claims for counsel's failure to move to suppress a statement and photo lineup where the record showed no basis for suppression). Ground Three is thus denied under the performance and prejudice prongs of *Strickland*.

**Ground Four**

Williams alleges his "[t]rial counsel was ineffective for failing to do a proffer of the entire jury panel, or ask for a new trial or mistrial or a new jury once the judge Mr. Levins mentioned that there may have been someone talking or attempting to talk to the jury." (ECF No. 1 at 14). Williams raised this claim in Ground Twelve of his amended postconviction motion. (*See* ECF No. 8-1 at 147–49). The state court denied the claim, adopting the State's reasoning in finding the claim "conclusory and merely speculative." (*Id.* at 625). On appeal, the Fourth District affirmed the denial. *See Williams v. State*, 311 So. 3d 30 (Fla. Dist. Ct. App. 2020) ("We affirm without discussion the circuit court's denial of amended ground[ ] . . . twelve.").

Williams speculates and presumes that illegal communication occurred between an outsider and the jury; however, his claim is refuted by the record. The trial judge stated that "I have no indication that this juror -- these jurors were talked to at all, none." (ECF No. 9-1 at 160:8–10). Nevertheless, in an abundance of caution, the trial judge questioned the jury as follows:

> [S]ince this trial began yesterday, you were brought in here and I -- we need to know, the bailiffs need to know if anyone outside of court has tried to say anything to you about the case or ask if you're on the jury or anything like that, that needs to be told to the bailiffs and let them know. Okay, everybody understand that? That's what the Rule requires. And if anyone does say anything to you at all in any setting outside of this courtroom about the case or even asking what jury you're on or anything like that, that has to be immediately reported to the bailiffs, as it is in every criminal case, just to let you know, okay. Everybody understand

> that?
>
> THE JURY: Yes.
>
> THE COURT: Has that -- has that -- (indiscernible), **has anybody tried to contact anybody or anything? Anybody have any contact or anything?**
>
> **THE JURY: No.**

(ECF No. 9-1 at 176:6–25, 177:1) (emphasis added). Because this claim is meritless, counsel cannot be ineffective for failing to raise it. *See Chandler*, 240 F.3d at 917. Williams thus fails to establish deficient performance. He also fails to show prejudice with his wholly conclusory and speculative claim. *See Tejada*, 941 F.2d at 1559. Ground Four is thus denied under the performance and prejudice prongs of *Strickland.*

### c. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). Here, the record refutes William's factual allegations and precludes habeas relief. *See id.* Because the Court can "adequately assess [William's] claim[s] without further factual development[,]" he is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

### d. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal; rather, in order to do so, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if Williams makes "a

substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where, as here, the district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists "would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Williams does not satisfy this burden, so the Court will not issue a certificate of appealability.

### 4. Conclusion

For the foregoing reasons, William's petition for writ of habeas corpus under 28 U.S.C. § 2254 **(ECF No. 1)** is **denied**. A certificate of appealability is also **denied**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, Williams is not entitled to appeal *in forma pauperis*. The Clerk is **directed** to close the case.

**Done and ordered**, in chambers, in Miami, Florida, on January 20, 2023.

                                        Robert N. Scola, Jr.
                                        United States District Judge

*Copies, via U.S. Mail, to*
Christopher Donnell Williams
K84073
Jackson Correctional Institution
Inmate Mail/Parcels
5563 10th Street
Malone, FL 32445
PRO SE